*2:25 cv 282*
*#8*
*1546*
*fee paid*

# UNITED STATES DISTRICT COURT

## for the

## WESTERN DISTRICT OF PENNSYLVANIA

Brent Clark, M.D.

        Plaintiff,

V.                                                        Civil Case No.

United States of America

        Defendant,                            Jury Trial Requested

**FILED**

FEB 26 2025

## <u>Complaint</u>

CLERK U.S. DISTRICT COURT
WEST DIST OF PENNSYLVANIA

I.  <u>Jurisdiction</u>

    a.  Because the defendant is a federal employee this Court has jurisdiction to adjudicate this case pursuant to the Federal Tort Claims Act, 28 U.S.C. Sections 1346(b),2671 et seq.

    b.  Venue is proper because the incident occurred in Allegheny County.

1

## II.    Litigants

1.  Brent Clark
    946 William Penn Court
    Pittsburgh, Pennsylvania 15221
    Cell Phone 412-818-913
    Electronic Mail: bclark9941@gmail.com

3. Officer F. Martin
1000 Airport Blvd.
Pittsburgh, Pa 15231

2.  United States of America via
    U. S. Attorney for Western District of Pennsylvania
    Gant Street #633
    Pittsburgh, Pennsylvania 15219

## III.    Factual Background

1.  On March 4, 2024, while passing through the TSA security checkpoint at Pittsburgh

    International Airport the Plaintiff was ordered to submit to a standard pat down search by

    TSA Officer F. Martin.

2.  TSA Officer F. Martin was acting within the scope of his official duties pursuant to TSA
    Regulation contained in 49 C.F.R. Part 1544.

3.  While Officer Martin was performing the standard pat down search the Plaintiff became

    uncomfortable with the aggressive manor in which Officer Martin was performing the

    standard pat down search and the attention the search was attracting from others at the

    TSA security checkpoint.

4.  Due to the Plaintiff being uncomfortable with the standard pat down search being

    performed by Officer Martin the Plaintiff requested a private pat down search be

    performed by a different TSA agent at a private screening area pursuant to TSA

    Regulation contained in 49 C.F.R. Part 1544.

2

5. In response to the Plaintiff's request for a private pat down search at a private screening area pursuant to TSA Regulation contained in 49 C.F.R. Part 1544 by a different TSA agent Officer Martin told the Plaintiff a private pat down search was not possible and continued the standard pat down search against the Plaintiff's will.

6. As a result of the Plaintiff's incident at the TSA security checkpoint with Officer Martin the Plaintiff was treated by his medical provider for an aggravation of preexisting PTSD, cognitive impairment and new onset erectile dysfunction.

7. The Plaintiff submitted a Standard Form-95 (SF- 95) to the TSA March 21, 2024 for his injuries resulting from his incident with Officer Martin.

8. On March 25, 2024 the TSA acknowledged it had received the Plaintiffs SF- 95 form and provided the Plaintiff with claim number 2024032586510.

9. On March 26, 2024 Mr. Brett Barber from the TSA requested and the Plaintiff complied with Mr. Barber's request that the Plaintiff send a photo of himself to TSA to help the TSA identify the Plaintiff's incident with Officer Martin.

10. The Plaintiff filed this FTCA suit after the Plaintiff's claim was not resolved in six months by the TSA.

***

IV.    Count 1- Unlawful Detention
      (Plaintiff incorporates by reference the facts alleged in paragraphs 1-10)

11. In Pennsylvania the elements of unlawful detention are;

    a. Intentional act of restraint

    b. Confinement or restraint

3

c. Lack of consent

d. Unlawfulness

e. Awareness of confinement

12. Under Pennsylvania state law, the United States, if a private person, would be liable to the Plaintiff for unlawful detention.

13. Pursuant to TSA Regulation contained in 49 C.F.R. Part 1544, after the Plaintiff requested a private pat -down search Officer Martin had no discretion but owed a duty to the Plaintiff to stop his standard pat-down search and escort the Plaintiff to a private screening area.

14. Pursuant to TSA Regulation contained in 49 C.F.R. Part 1544, after the Plaintiff requested a private pat -down search Officer Martin had no discretion but owed a duty to the Plaintiff to carry the Plaintiff's screened accessible property to a private screening area.

15. Pursuant to TSA Regulation contained in 49 C.F.R. Part 1544, after the Plaintiff requested a private pat -down search Officer Martin had no discretion but owed a duty to the Plaintiff to provide the Plaintiff a TSO witness of the same gender at the private screening area.

16. Pursuant to TSA Regulation contained in 49 C.F.R. Part 1544, after the Plaintiff requested a private pat -down search Officer Martin had no discretion but owed a duty to the Plaintiff to allow a witness of the Plaintiff's choice to be present at the private screening area.

17.    Video evidence reveals Officer Martin who was acting within the scope of his official duties breached all of the above duties owed to the Plaintiff pursuant to TSA Regulation contained in 49 C.F.R. Part 1544 by continuing the standard pat down search against the Plaintiff's wishes.

18. Video evidence from the Plaintiff's encounter with Officer Martin show Officer Martin intentionally restrained the plaintiff after the plaintiff requested a private pat down search be performed by a different TSA agent at a private screening area.

19. Video evidence from the Plaintiff's encounter with Officer Martin shows the plaintiff was wrongfully restrained in a confined area by Officer Martin's forceful threat to the plaintiff of "don't move."

20. Video evidence reveals Officer Martin's intentional restraint of the Plaintiff prevented the Plaintiff from receiving a private pat down search by a different TSA agent at a private screening area.

21. Video evidence reveals the plaintiff did not consent to the restraint by Officer Martin.

22. After the Plaintiff requested a private pat down search be performed by a different TSA agent at a private screening area, Officer Martin's restraint was unlawful because it violated the Plaintiff's Fourth Amendment of the Constitution that protects against unreasonable searches and seizures by the government.

5

23. The Plaintiff was aware and became upset that he was being unlawfully restrained after requesting a private pat down search from a different TSA agent.

24. After the Plaintiff requested a private pat-down search at the private screening area there was no valid reason for Officer Martin to continue searching the Plaintiff, Officer Martin's continued search of the Plaintiff was unreasonable.

25. As a result of Officer Martin's unlawful detention of the Plaintiff it aggravated the Plaintiff's pre-existing PTSD.

26. As a result of Officer Martin's unlawful detention of the Plaintiff it aggravated the Plaintiff's pre-existing cognitive impairment.

27. As a result of Officer Martin's unlawful detention of the Plaintiff it caused erectile dysfunction in the Plaintiff.

*** 

V.    Count 2- Battery

(Plaintiff incorporates by reference the facts alleged in paragraphs 1-27).

28. In Pennsylvania, the elements of battery are;

   a. Intent

   b. Contact

6

c. Harm

d. Damages

29. Under Pennsylvania state law, the United States, if a private person, would be liable to the Plaintiff for battery.

30. Pursuant to TSA Regulation contained in 49 C.F.R. Part 1544., after the Plaintiff requested a private pat -down search Officer Martin had no discretion but owed a duty to the Plaintiff to stop his standard pat-down search and escort the Plaintiff to a private screening area.

31. Pursuant to TSA Regulation contained in 49 C.F.R. Part 1544., after the Plaintiff requested a private pat -down search Officer Martin had no discretion but owed a duty to the Plaintiff to carry the Plaintiff's screened accessible property to a private screening area.

32. Pursuant to TSA Regulation contained in 49 C.F.R. Part 1544, after the Plaintiff requested a private pat -down search Officer Martin had no discretion but owed a duty to the Plaintiff to provide the Plaintiff a TSO witness of the same gender at the private screening area.

33. Pursuant to TSA Regulation contained in 49 C.F.R. Part 1544, after the Plaintiff requested a private pat -down search Officer Martin had no discretion but owed a duty to the Plaintiff to allow a witness of the Plaintiff's choice to be present at the private screening area.

34.    Video evidence reveals Officer Martin who was acting within the scope of his official duties breached all of the above duties owed to the Plaintiff pursuant to TSA

Regulation contained in 49 C.F.R. Part 1544 by continuing the standard pat down search against the Plaintiff's wishes.

35.    Video evidence reveals Officer Martin's intent was to continue the standard pat-down search of the Plaintiff notwithstanding the Plaintiff having requested a private pat-down search at the private screening area.

36. Video evidence will reveal Officer Martin breached TSA Regulation contained in 49 C.F.R. Part 1544 by wrongfully contacting the Plaintiff in continuing the standard pat down search after the Plaintiff requested a private pat down search be performed by a different TSA agent.

37. Video evidence reveals after the Plaintiff requested a private pat down search be performed by a different TSA agent Officer Martin's continued standard pat down search was offensive to the Plaintiff.

38. As a result of Officer Martin's battery of the Plaintiff the Plaintiff's pre-existing PTSD was aggravated.

39. As a result of Officer Martin's battery of the Plaintiff the Plaintiff's pre-existing cognitive impairment was aggravated

40. As a result of Officer Martin's battery of the Plaintiff it caused erectile dysfunction in the Plaintiff.

***

VI.    Count 3- Abuse of process
     (Plaintiff incorporates by reference the facts alleged in paragraphs 1-40).

40. In Pennsylvania the elements of abuse of process are;

   a.  The defendant used a legal process against the Plaintiff.

   b.  The defendant's primary purpose was to achieve a goal that the process was not

       designed for.

   c.  The plaintiff was harmed.

41. Under Pennsylvania state law, the United States, if a private person, would be liable to

   the Plaintiff abuse of process.

42.    Pursuant to TSA Regulation contained in 49 C.F.R. Part 1544, after the Plaintiff

   requested a private pat -down search Officer Martin had no discretion but owed a duty to

   the Plaintiff to stop his standard pat-down search and escort the Plaintiff to a private

   screening area.

43. Pursuant to TSA Regulation contained in 49 C.F.R. Part 1544, after the Plaintiff requested a private pat -down search Officer Martin had no discretion but owed a duty to the Plaintiff to carry the Plaintiff's screened accessible property to a private screening area.

44. Pursuant to TSA Regulation contained in 49 C.F.R. Part 1544, after the Plaintiff requested a private pat -down search Officer Martin had no discretion but owed a duty to the Plaintiff to provide the Plaintiff a TSO witness of the same gender at the private screening area.

45. Pursuant to TSA Regulation contained in 49 C.F.R. Part 1544, after the Plaintiff requested a private pat -down search Officer Martin had no discretion but owed a duty to the Plaintiff to allow a witness of the Plaintiff's choice to be present at the private screening area.

46.     Video evidence reveals Officer Martin who was acting within the scope of his official duties breached all of the above duties owed to the Plaintiff pursuant to TSA Regulation contained in 49 C.F.R. Part 1544 by continuing the standard pat down search against the Plaintiff's wishes.

47. Video evidence reveals the Defendant wrongfully used the legal process of a standard pat-down search of the Plaintiff against the Plaintiff as a reason to deny the Plaintiff's request for a private pat down at the private screening area.

48. The Defendant's primary purpose of breaching TSA Regulation in denying the Plaintiff's request for a private pat-down at the private screening area was to continue the standard pat-down search of the Plaintiff in violation of TSA Regulation.

49. As a result of Officer Martin's abuse of process the Plaintiff's pre-existing PTSD was aggravated.

50. As a result of Officer Martin's abuse of process the Plaintiff's pre-existing cognitive impairment was aggravated.

51. As a result of Officer Martin's abuse of process of the Plaintiff it caused erectile dysfunction in the Plaintiff.

***

IV.   Relief
     (Plaintiff incorporates by reference the facts alleged in paragraphs 1-51)

52.   As a result of the defendant's harm to the Plaintiff because of unlawful detention, battery, and abuse of process the Plaintiff demands monetary damages of 10.5 million dollars to be awarded for:

   a. Economic Damages- The plaintiff having pre-existing medical problems and thus is an eggshell skull plaintiff demands payment for future lost earning capacity, current medical expenses, and future medical expenses. The plaintiff's injuries are either permanent or continuing in nature.

11

b. Non-Economic Damages due to 1.) 2.) aggravation of pre-existing PTSD and generalized anxiety and 3.) aggravation of the plaintiff's preexisting cognitive impairment which has led to the plaintiff being treated for Alzheimer's disease.

c. The plaintiff's injuries are either permanent or continuing in nature.

d. Punitive Damages- Because of the defendant's willful intention to cause harm to the plaintiff the plaintiff demands monetary damages to be awarded for punitive damages to punish Officer Martin and deter others from acting similarly.

_____ 2/24/2024

Brent Clark, *pro se*